UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff* v. LOUIS A. MANNA, *Defendant*. | Crim. Action No.: 3:88-cr-00239 **MEMORANDUM AND ORDER** |

This matter comes before the Court on Defendant Louis Manna's writ of habeas corpus for multiple constitutional violations (28 U.S.C. § 2241) and second request for relief pursuant to the First Step Act (18 U.S.C. § 3582(c)(1)(A)(i)).  (Moving Br., ECF No. 26).  The Court administratively terminated the habeas portion of Manna's motion and ordered him to file a separate civil action for relief under 28 U.S.C. § 2241.  (ECF No. 28).  This memorandum and order pertain to the remaining request for a sentence reduction and/or compassionate release.

After a jury convicted Manna of numerous crimes, including racketeering, illegal gambling, and conspiracy to commit murder, the Hon. Maryanne Trump Barry sentenced him to 80 years of imprisonment in 1989.

In September 2020, Manna submitted his first motion for compassionate release, which largely focused on his vulnerability to COVID-19 due to his age and various health problems. (ECF No. 16).  After full briefing, oral argument, and a lengthy review of Manna's medical records, the Court denied the motion in December 2020.  (Mem. & Order, ECF No. 24).

In the present motion, Manna argues that if the Court accepts his contention that the Government "masked and concealed" evidence of Manna's innocence, plus the facts in his first

1

motion, a modification of his sentence is warranted under 18 U.S.C. § 3582(c). Manna describes this application as one that "incorporates herein by reference and renews the prior requests made in" his prior compassionate release motion. (Moving Br. at 29). It appears he is seeking, for the second time, either compassionate release or a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). (*Id.* at 28-29).

To the Court, it appears that Manna's use of the phrase "incorporates by reference and renews his prior requests" is tantamount to seeking reconsideration. Manna has not demonstrated any grounds for reconsideration. In a motion for reconsideration, "[t]he movant has the burden of demonstrating either: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 477-78 (D.N.J. 2014) (alteration in original) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The facts and argument presented in his Memorandum are not newly discovered; in fact, they relate back to the trial – thirty years ago. As such, Manna has not met the standard for reconsideration.

On the other hand, if Manna contends that he is filing a new motion under 18 U.S.C. § 3582(c)(1)(A), his application fails because he has failed to comply with the statutory requirements, including exhaustion of administrative remedies. That is, he may only move the Court after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (codified at 18 U.S.C. § 3582(c)(1)(A)). Manna has neither argued nor attached evidence that he exhausted his administrative remedies before bringing the

present motion. As such, the Court does not have jurisdiction to adjudicate this motion until the exhaustion requirement is met.

In conclusion, the Court will deny Manna's second motion for compassionate release and/or a sentence reduction without prejudice so that he may resubmit it after exhausting his administrative remedies, if he wishes to do so.

## **ORDER**

This matter is before this Court on Defendant Louis Manna's second motion for compassionate release (ECF No. 26); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 9th day of June 2021,

ORDERED that Defendant's motion for compassionate release (ECF No. 26) is denied without prejudice.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.