

*U.S. Department of Justice*

*United States Attorney*
*District of New Jersey*

___

*Alexander E. Ramey*  *402 East State Street, Rm 430*  *609-656-2559*
*Assistant United States Attorney*  *Trenton, New Jersey 08608*

November 3, 2021

Hon. Peter G. Sheridan, U.S.D.J.
Clarkson S. Fisher Building & United States Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: <u>United States v. Louis A. Manna, Crim. No. 88-239 (PGS)</u>

Dear Judge Sheridan:

 The Government respectfully submits this letter brief to oppose the "emergency request" [ECF No. 36] of defendant/movant Louis A. Manna for expedited consideration of his second, successive, Motion for Reduction of Sentence Under the First Step Act [ECF No. 32]. Manna's "emergency request" is procedurally barred, and the Government has not been able to identify any support for it in the available Bureau of Prisons records. Moreover, for all the reasons set forth in Your Honor's December 4, 2020 Opinion, Manna's Second Motion for Reduction of Sentence should be denied on the merits.

 On December 4, 2020, Your Honor denied Manna's First Motion for Reduction of Sentence under the First Step Act. After considering the extensive briefing and arguments of the parties as well as Manna's medical records, Your Honor held that "Manna's advanced age and his medical conditions, plus the risk of contracting COVID-19, together rendered his situation extraordinary and compelling," but the medical care he received in BOP custody, the preventative measures being undertaken by BOP in response to the pandemic, and the § 3553(a) factors, including Manna's life as a career criminal and his leadership in the Genovese crime family, weighed against modifying his sentence and outweighed any consideration of his medical issues. ECF No. 24, p. 10-11.

 On April 28, 2021, Manna filed a combined petition for a writ of habeas corpus and second request for relief under the First Step Act. On May 17, 2021, Your Honor terminated the petition for a writ of habeas corpus as improperly filed as a motion in the criminal case. On June 10, 2021, Your Honor denied, without prejudice, Manna's second request for relief under the First Step Act for failure to

exhaust administrative remedies. On October 20, 2021, Manna filed his Second Motion for Reduction of Sentence Under the First Step Act, alleging the same bases for relief (age and medical condition) raised in his First Motion. Manna also raised arguments under the § 3553(a) factors that Manna has exhibited good conduct while incarcerated, made efforts toward rehabilitation, and is no longer a danger to the public. Manna appropriately exhausted administrative remedies as to this claim, having received a denial from the Warden of his BOP facility on September 14, 2021. On October 26, 2021, Manna's counsel filed a letter requesting that his Second Motion be heard on an emergency basis due to Manna's medical conditions having worsened since the filing of the Second Motion. Your Honor ordered a telephone conference on the matter to be held on November 4, 2021. The government submits this letter to set forth its position in advance of that conference.

First, as to Manna's "emergency request," to the extent that he is seeking a reduction of sentence and compassionate release on the basis of a decline in his condition which occurred after the filing of his Second Motion, and, therefore, necessarily, after the Warden's September 14, 2021 rejection of his request for compassionate release, that claim is procedurally barred for failure to exhaust administrative remedies. Manna is required to submit all bases for relief for consideration by BOP before filing a claim in the District Court. The BOP has not yet had the opportunity to evaluate any alleged decline in Manna's condition in October of 2021, and so that claim is not ripe for Your Honor's review. *See United States v. McNair*, 481 F. Supp. 3d 362, 368 (D.N.J. 2020) ("It is clear from the First Step Act that Congress intended the BOP to be able to consider requests for compassionate release in the first instance. . . . Permitting inmates to bypass that requirement by presenting one reason for relief to the BOP and another to the Court would create an end-run around the exhaustion requirement and deprive the BOP of the opportunity to consider the request.")

Second, after receiving Manna's "emergency request" the government requested and obtained Manna's most recent medical records from the BOP. These records, which are attached as Ex. A, do not reflect any sudden decline in Manna's medical condition in October 2021. On the contrary, the records show that Manna continues to receive active, adequate, and thorough medical care for his routine, age-related ailments. For example, it appears that he went to the Mayo Clinic for a hearing aid fitting on October 21, 2021, (Ex. A, p. 4), and was treated for dizziness on October, 7, 2021, at which time the examining medical doctor reported of Manna: "Patient younger than stated age in no acute distress. He was not experiencing dizziness in the office. He walked using a cane. He was able to stand and get onto the exam table without difficulty," (Ex. A, p. 11). In short, Manna has not met his burden to introduce evidence of his alleged change in medical condition, such that, even were the Court able to consider his "emergency request," it would fail on the merits.

    Third and finally, Manna's Second Motion identifies neither a change in factual circumstances nor a change in law to justify a different result than that set forth in Your Honor's December 4, 2020 Opinion. The Court's assessment of the § 3553(a) factors remains as valid today as it was then, and Manna's Second Motion should be denied on the merits.

    Thank you for Your Honor's consideration.

                                        Respectfully submitted,

                                        RACHAEL A. HONIG
                                        ACTING UNITED STATES ATTORNEY

                                        <u>s/ Alexander E. Ramey</u>

                       By:    ALEXANDER E. RAMEY
                              ASSISTANT U.S. ATTORNEY

cc:    Jeremy M. Iandolo, Esq.
       *Attorney for the Defendant/Movant*