UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*<br><br>v.<br><br>LOUIS MANNA<br><br>*Defendant.* | Crim. Action No.: 3:88-cr-00239<br><br>**ORDER DENYING<br>SENTENCE REDUCTION<br>UNDER 18 U.S.C. §3582(c)(1)(A)** |

**WHEREAS,** Louis Manna (Manna) brings this Second Motion for a Sentence Reduction (compassionate release) under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 32). This motion was heard on an expedited basis in light of Manna's declining health. (Letter Order Granting Emergency Request, ECF No. 37). Oral argument was held on November 4, 2021.

**WHEREAS,** Manna is serving an 80-year term of imprisonment for his leadership role in numerous conspiracies and organized crime. He was the head of the Manna faction of the Genovese Family of La Cosa Nostra (LCN), or the Mafia. He was also the consigliere – the third highest-ranking member – of the Genovese Family. (Order of Dec. 4, 2020, Denying Sentence Reduction, ECF No. 24). One court noted that Manna "was a leader within an organization having a recognition . . . for accomplishing its goals through violence and intimidation." *Manna v. U.S. Dep't of Justice*, No. CIV. A. 93-81, 1994 WL 808070, at *6 (D.N.J. Apr. 13, 1994). Among other things, Manna was convicted of various offenses under the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. § 1961) involving violations of the Hobbs Act (extortion) and the Taft-Hartley Act (bribery). More specifically, Manna conspired to murder

1

Irwin Schiff (who was killed at Manna's direction on August 8, 1987), as well as others, and Manna also financed, owned, and operated an illegal gambling business. In 1989, the Hon. Maryanne Trump Barry, U.S.D.J. sentenced Manna to a total of 80 years of imprisonment, to be followed by a 5-year term of supervised release. His anticipated release date is November 7, 2054. Manna has been incarcerated for more than 30 years. (Order of Dec. 4, 2020, Denying Sentence Reduction

**WHEREAS,** it is well-settled that there is a three-part standard to determine whether to modify a sentence. In sum, the three parts are: (1) exhaustion of remedies; (2) extraordinary or compassionate reasons; and (3) assuming part (2) is shown, whether the sentencing factors under 18 U.S.C. § 3553(a) weigh against modification.[1] 18 U.S.C. § 3582(c)(1)(A).

**WHEREAS,** Manna moved before this Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on September 23, 2020. Manna sought a sentence reduction on the grounds of his poor physical health and the risk that the ongoing COVID-19 pandemic posed to his health as a federal prisoner. (First Motion for a Sentence Reduction, ECF No. 16-1). This Court denied Manna's First Motion for a Sentence Reduction on December 4, 2020. This Court found "extraordinary and compelling" circumstances given Manna's medical conditions, advanced age, and risk of contracting COVID-19. However, this Court determined that the risk of contracting COVID-19 alone could not justify release. And further, this Court determined the § 3553 factors weighed against a sentence reduction. (Order of December 4, 2020, Denying Sentence Reduction, ECF No. 24).[2]

**WHEREAS,** Manna moved a second time for a sentence reduction on October 20, 2021. (Second Motion for Sentence Reduction, ECF No. 32). Manna argues extraordinary circumstances justify his release given his poor health, advanced age, risk of complications from

2

COVID-19, three decades in prison, and rehabilitation while incarcerated. (*Id.* at 5-6). Manna additionally argues his health has further declined since filing his Second Motion for a Sentence Reduction. Specifically, Manna is now confined to a wheelchair and cannot take more than a few steps. (Oct. 26, 2021, Letter Requesting Motion Be Heard on Emergency Basis, ECF No. 36).

**WHEREAS,** the government contends this Court should not consider certain medical conditions of Manna that developed after the warden's review since those conditions were not raised before the BOP. (Opposition to Second Motion for Sentence Reduction 1-2). Further, the government contends Manna's medical records do not reflect a sudden decline in his health. (*Id.* at 2). Finally, the government contends Manna's Second Motion for a Sentence Reduction is virtually the same as his First Motion for a Sentence Reduction and the § 3553 factors continue to militate against a sentence reduction. (*Id.* at 3).

**WHEREAS,** Manna has exhausted his administrative remedies – at least as to the health conditions he raised before the BOP – because the warden of FMC Rochester has denied Manna's request for release. (Exhibit 1 to Second Motion for Sentence Reduction, ECF No. 32-2). However, Manna did not raise other health conditions, such as his difficulty walking, to the BOP. *Compare* (Second Motion for Sentence Reduction) *with* (Oct. 26, 2021, Letter Requesting Motion Be Heard on Emergency Basis). Although there is disagreement within the circuits as to whether there is an "issue exhaustion,"[3] here the medical records show one trend – the continual declining of Manna's health. *See, e.g., United States v. Torres*, 464 F. Supp. 3d 651, 656-57 (S.D.N.Y. 2020); *United States v. McNair*, 481 F. Supp. 3d 362, 365-69 (D.N.J. 2020); *United States v. Herrera-Genao*, No. 07-0454, 2021 WL 2451820 at *3-4 (D.N.J. Jun. 16, 2021).

3

**WHEREAS,** Manna suffers from several serious health conditions, including: hypertension, heart murmur, hyperlipidemia, foot drop, a history of prostate and colon cancer, and a variety of skin ailments, including MRSA. Manna is now 92 years old, and it is evident from the medical records considered by the warden that Manna's health is deteriorating. (Second Motion for Sentence Reduction, Exhibit 5, ECF No. 32-6); (Opposition to Second Motion for Sentence Reduction, Exhibit A). Several of Manna's medical conditions as well as Manna's advanced age place Manna at a heightened risk of severe complications from COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 16, 2021). Considering Manna's poor health, age, and risk of severe complications from COVID-19, Manna has demonstrated extraordinary circumstances which could justify a sentence reduction, and he has satisfied the second prong required for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).

**WHEREAS,** the § 3553 factors nevertheless weigh against a sentence reduction whether or not this Court considers the additional health concerns outlined in Manna's October 26, 2021 letter. Manna conspired to murder several people, and successfully killed Irwin Schiff. He was a leader of the Genovese crime family, a role he performed through violence and intimidation. (Order of Dec. 4, 2020, Denying Sentence Reduction, ECF No. 24). His numerous crimes were extremely serious and heinous. As such, the nature and circumstances of the convicted offenses and the history and characteristics of the defendant are important sentencing objectives that would not be served by modifying Manna's sentence.[4]

**WHEREAS,** this Court rejects Manna's suggestion at oral argument that denying a sentence reduction would implicate Manna's right to equal protection under the United States Constitution.[5] Specifically, Manna suggested denying him a sentence reduction would deny him

4

equal protection on the basis of his ethnicity, because other criminal leaders of apparently different ethnicities have been granted sentence reductions. He cited to the cases of William Underwood, the ex-leader of a violent New York City heroin distribution ring who was granted a sentence reduction in January 2021, *United States v. Underwood*, No. 88-cr-0822, 2021 WL 3204834 (S.D.N.Y. Jan. 15, 2021), and Eddie Cox, the leader of a violent Kansas City gang. Whether to "grant . . . compassionate release is a purely discretionary decision." *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021). Although I have considered the cases cited by Manna, Manna's lifelong career in crime leads me to a different conclusion than reached in the above cases. Manna's ethnicity does not factor into this Court's decision.

**IT IS** on this 16th day of November, 2021;

**ORDERED** that the motion for a sentence reduction is denied.

_____
PETER G. SHERIDAN, U.S.D.J.

---

[1] In relevant part, 18 U.S.C. § 3582 provides:

> (c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
> >
> > > > (i) extraordinary and compelling reasons warrant such a reduction . . . .

[2] Manna, improperly, petitioned this Court for habeas corpus on April 28, 2021, and moved in the alternative for a sentence reduction. (Habeas Petition and Motion for Reconsideration, ECF No. 26). This Court administratively terminated Manna's habeas petition on May 17, 2021, because the petition was brought on the criminal docket. (Order of May 17, 2021, ECF No. 28). This Court considered Manna's motion for a sentence reduction as a motion

for reconsideration, because Manna "incorporate[d] by reference and renew[ed] his prior requests," and on June 9, 2021, found Manna had not demonstrated a basis for this Court to reconsider its prior decision denying a sentence reduction. Further, if Manna was bringing a new motion for a sentence reduction, Manna had failed to exhaust his administrative remedies through the Bureau of Prisons. (Order of June 9, 2021, ECF No. 29).

[3] "Issue exhaustion" is the concept "that an issue not raised in such an administrative proceeding has been waived." *United States v. Torres*, 464 F. Supp. 3d 651, 655 n.2 (S.D.N.Y. 2020) (internal quotation marks omitted). Absent a statutory or regulatory issue exhaustion requirement, courts may impose an issue exhaustion requirement "depend[ing] on the degree to which the analogy to normal adversarial litigation applies in a particular administrative proceeding." *Sims v. Apfel*, 530 U.S. 103, 109 (2000).

[4] In relevant part, 18 U.S.C. § 3553(a) provides:

> (a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant
>> . . . .

[5] Manna did not specify the source of his equal protection right, but presumably he refers to the Due Process Clause of the Fifth Amendment to the United States Constitution, which has been interpreted to require equal protection under federal law in the same manner that the Equal Protection Clause of the Fourteenth Amendment requires equal protection under state law. *Sessions v. Morales-Santana*, 137 S.Ct. 1678, 1686 n.1 (2017).