**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Hon. Peter G. Sheridan, U.S.D.J. |
| v. | : | |
| | : | Crim. No. 88-239 (PGS) |
| RICHARD DESCISCIO | : | |

**REPLY OF DEFENDANT RICHARD DESCISCIO TO THE OPPOSITION OF THE UNITED STATES TO DEFENDANT'S SECOND MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(I)**

**BIO & LARACCA, P.C.**
Marco A. Laracca, Esq.
331 Central Avenue
Orange, NJ 07050
T: (973) 675-6006
F: (973) 675-7333
E: mlaracca@bioandlaracca.com
*Attorneys for Defendant Richard DeSciscio*

Defendant Richard DeSciscio submits this reply to the United States' opposition to his motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

## ARGUMENT

Despite the Government's arguments to the contrary, DeSciscio has met all three prongs required for a sentence reduction. The three prongs are (1) exhaustion of remedies; (2) extraordinary and compelling reasons; and (3) assuming extraordinary and compelling reasons are shown, whether the sentencing factors under 18 U.S.C. § 3553(a) weigh against modification. 18 U.S.C. § 3582(c)(1)(A).

Here, there is no dispute that DeSciscio has exhausted his administrative remedies. As such, the first prong is met.

In addition, DeSciscio has met the second prong as he has presented extraordinary and compelling reasons by way of his medical condition and advanced age.

The Sentencing Commission's policy statement addressing the reduction of sentences under § 3582(c)(1)(A) includes an application note that sets forth that the medical condition of the defendant constitutes extraordinary and compelling reasons if the defendant is suffering from a serious physical or medical condition or experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover. USSG § 1B1.13, cmt. n.1(A)(ii)(I) and (III). DeSciscio's medical conditions qualify as an extraordinary and compelling reason because they are serious physical medical conditions that have developed as his age has advanced, from which he is not expected to recover. In addition, he is unable to provide proper self-care within the environment of a correctional facility because his ability to move around and get the proper exercise, and follow an appropriate diet, are

inevitably severely limited based on his incarceration, even with the BOP's resources. No one medical appointment should be considered alone; a complete review of the medical records attached to the Government's Opposition as Exhibit A indicates that he has developed physical health issues since he has been incarcerated, and that they have worsened over time. Thus, his overall poor physical health condition, especially in light of the concerns surrounding COVID-19 infection[1], constitutes an extraordinary and compelling reason for his compassionate release.

The policy statement further sets forth that the age of the defendant constitutes extraordinary and compelling reasons if the defendant is at least 65-years-old, is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or 75% of his term of imprisonment, whichever is less. Mr. DeSciscio is 79-years-old; is experiencing serious deterioration in physical health because of the aging process, as is evidenced throughout his medical records; and he has served 33 years in prison. Having said this, DeSciscio's age also qualifies as an extraordinary and compelling reason for his compassionate release.

As such, DeSciscio has demonstrated more than one extraordinary and compelling reason, i.e., his medical condition and advanced age, to justify compassionate release. Nonetheless, the Government argues that DeSciscio's latest medical record, and his having been fully vaccinated for COVID-19, make it so his underlying medical conditions and advanced age are not an extraordinary and compelling reason. However, in 2020, the Department of Justice issued a directive that the government shall concede that an inmate who has one of the risk factors listed by the Centers for Disease Control and Prevention (CDC) for greater risk of severe

---

[1] Almost all of DeSciscio's medical conditions are underlying medical conditions associated with higher risk of severe COVID-19 complications. *See* COVID-19: People with Certain Medical Conditions, CDC (updated Oct. 14, 2021), *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

illness from COVID-19, presents an extraordinary and compelling reason warranting eligibility for compassionate release, even if those risk factors in ordinary, non-COVID-19 times would not. *United States v. Sandoval*, No. CR14-5105 (BHS), at *1-2 (W.D. Wash. Feb. 22, 2021); *United States v. Coffman*, No. 5:09-CR-181-KKC, at *3 (E.D. KY Oct. 29, 2020).[2]

In addition, in its opposition, the Government acknowledges that, due to his advanced age, DeSciscio likely would not pose a danger to public safety if released. Thus, DeSciscio has also established that he is not a danger to the safety of any other person or the community. While admitting that DeSciscio is not likely to be a danger if released, the Government nonetheless asserts two reasons as to why a reduction in sentence is not warranted. However, the Government's reasoning is flawed.

First and foremost, the Government reasons that the violent conduct in the offense of conviction (which was also the basis for the Warden's July 12, 2021 denial of compassionate release), including acting as an enforcer in an illegal gambling operation, participating in multiple conspiracies to commit murder, and being on scene to assist in the commission of a murder, weighs against any reduction in sentence. Second, the Government reasons that although 75 years is a very substantial sentence, with conduct so egregious there is a real need to maintain the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

The Government's reasoning is flawed because it ignores the fact that fully vaccinated inmates with underlying medical conditions have been granted compassionate release, despite the seriousness of the charges.

---

[2] These cases, along with the other cases cited herein, are attached hereto as Exhibit A in the order in which they are cited herein.

In *United States v. Sweet*, a 73-year-old inmate convicted of murdering his wife, sexual exploitation of children, and attempted receipt of child pornography, was granted compassionate release due to his advanced age and because he suffers from kidney disease, history of smoking, atrial fibrillation, even though he already contracted COVID-19 and recovered, and was fully vaccinated thereafter, because the court recognized being fully vaccinated may decrease one's likelihood of severe COVID-19 symptoms, but the threat of severe illness or death from COVID-19, while diminished, is nevertheless real. 2021 U.S. Dist. LEXIS 69177, at *4-8 (E.D. Mich. Apr. 9, 2021). Furthermore, the court found that the sentencing factors favor his compassionate release because even though the nature of the offenses was serious and egregious, he has had no disciplinary infractions in 14 years of incarceration, his advanced age makes it less likely he will recidivate, and his release will not cause an unwarranted sentencing disparity because he served 14 years, all of which promotes respect for the law and shows he is likely not a danger if released. *Id*. at *9-10.

Similarly, and adopting the reasoning set forth in *Sweet*, *supra*, in *United States v. Darby*, a fully-vaccinated 66-year-old career offender with a lengthy criminal record, suffering from hypertension, high cholesterol, asthma, prediabetes, degenerative disc disease, obesity, and kidney cancer (although kidney removed and in remission), was granted compassionate release. 2021 WL 2463841, at *2-4 (N.D. Ohio June 17, 2021). The court found the sentencing factors to weigh in favor of compassionate release despite the serious nature of the charges and the defendant's lengthy criminal record because serving over 8 years is adequate to promote respect for the law and deter others, his rehabilitation efforts, and his release plan as he will return to live with his daughter and has family to support him. *Id*. at *6.

In *United States v. Reyes*, a 37-year-old fully-vaccinated inmate convicted of drug and weapons offenses was granted compassionate release because he suffers from obesity, high blood pressure, and high cholesterol; he was released even though his weight had improved at the time of his motion for compassionate release. 2021 U.S. Dist. LEXIS 99864 (D. Conn. May 26, 2021). Although the court found the nature of the charges to be serious and his criminal history left concerns about recidivism, the court found that the sentencing factors favored released based on the defendant not having a disciplinary infraction for the past 2 ½ years, he expressed remorse and acceptance of responsibility, and had the strong support of his family upon release. *Id*. at *7-8.

In *United States v. Sandoval*, a 66-year-old leader of a multi-person drug distribution ring that distributed large amounts of methamphetamine and heroin was granted compassionate release having received first dose of vaccine because of his underlying medical conditions – kidney disease and problems from transplant, several heart conditions, diabetes, and history of obesity. No. CR14-5105 (BHS), at *1-3 (W.D. Wash. Feb. 22, 2021). The court granted compassionate release after considering the sentencing factors because despite the seriousness of the charges, the defendant had already spent a substantial amount of time in prison; he could not be considered a danger due to his age and medical conditions; and the lock down measures as well as the stop to visitations and programs, to mitigate the pandemic made confinement more punitive than contemplated at sentencing. *Id*. at 10-11.

Similar to the inmates discussed above, and many other inmates granted compassionate release, DeSciscio's underlying medical conditions and advanced age, especially in light of COVID-19 concerns, are extraordinary and compelling reasons. Moreover, while the nature of his charges are serious, the fact that he has spent 33 years in prison without a single disciplinary

5

infraction promotes respect for the law and deterrence; there is little to no ability to recidivate and the Government has already admitted he is not likely to be a danger if released; he has expressed remorse and acceptance of responsibility; his release would not create an unwarranted disparity as he has served 33 years; and his release plan is to return home to his daughter and wife, who have supported him always, and live the remainder of his years on earth with his wife. Thus, a sentence of time served and supervised release after 33 years in custody at 79-years-old is a sentence that is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).

Furthermore, inmates with more serious charges than DeSciscio have been granted compassionate release. Again, without diminishing the seriousness of the charges against DeSciscio, he was not the leader of any crime ring.  William Underwood was granted compassionate release at 67-years-old after serving over 30 years despite his sentence of life imprisonment for being the leader of a violent heroin-trafficking organization, and various crimes connected thereto, including multiple murders. *United States v. Underwood*, 88-Cr-822 (SHS). Eddie Cox, known as the top leader of Kansas City's "Black Mafia," was granted compassionate release after serving over 30 years of a life sentence despite being referred to as a "cold-blooded killer" and being accused of taking part in at least 17 murders, one of which was the murder of politician and civil rights leader Leon Jordan; as well as other crimes of bank robbery; burglary; loan sharking; gambling; and prostitution.[3]

These are just two examples of crime organization leaders charged with numerous murders, other violent crimes, and drug offenses that have been granted compassionate release, but there are others. The Fifth Amendment to the United States Constitution provides that no

---

[3] A copy of his case could not be found, so attached as Exhibit B is a copy of the msn news article about the compassionate release, *available at* https://www.msn.com/en-us/news/crime/how-did-eddie-cox-a-white-man-become-a-top-leader-of-kansas-citys-black-mafia/ar-AALHXsr.

6

person shall be deprived of life, liberty, or property without due process of law. Literally speaking, the Fifth Amendment, unlike the Fourteenth Amendment, "contains no equal protection clause and it provides no guaranty against discriminatory legislation by Congress." *Detroit Bank v. United States*, 317 U.S. 329, 337 (1943); *Helvering v. Lerner Stores Corp.*, 314 U.S. 463, 468 (1941). Nevertheless, "[e]qual protection analysis in the Fifth Amendment area is the same as that under the Fourteenth Amendment. *Buckley v. Valeo*, 424 U.S. 1, 93 (1976); *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975); *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 214-18 (1995).

      Without diminishing the seriousness of the offenses for which DeSciscio was convicted, a look at other defendants, some of which are younger, have less serious health conditions, and have arguably worse charges than DeSciscio, who have been granted compassionate release makes it very difficult to justify a denial for DeSciscio. The fact that DeSciscio was charged in connection with organized crime, or for violent offenses, does not outweigh the many factors favoring his release. Thus, to deny DeSciscio compassionate release would be to deny him equal protection under the law based on the situations of other defendants that have been granted compassionate release. Therefore, to deny DeSciscio compassionate release would be a violation of his substantive due process rights under the Fifth Amendment.

      Section 3582(c)(1)(A) was designed to expand, expedite, and improve the process for compassionate release or sentence reduction. *U.S. v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). To deny DeSciscio compassionate release, or at least a sentence reduction, under the aforementioned circumstances would ultimately circumvent the intention behind the enactment of Section 3582(c)(1)(A).

## **CONCLUSION**

For the reasons discussed above and in Mr. DeSciscio's brief in support of his motion, it is respectfully requested that this Court grant Mr. DeSciscio's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Order that he be immediately released from the custody of the BOP; or, in the alternative, that his sentenced be reduced.

Respectfully submitted,

**BIO & LARACCA, P.C.**

*/s/ Marco A. Laracca*
Marco A. Laracca, Esq.
331 Central Avenue
Orange, NJ 07050
T: (973) 675-6006
F: (973) 675-7333
E: mlaracca@bioandlaracca.com
*Attorney for Defendant*
*Richard DeSciscio*

Dated: December 3, 2021